

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-3-2009

# LaPosta v. Roseland

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-4333

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"LaPosta v. Roseland" (2009). *2009 Decisions*. Paper 1939.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1939

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 07-4333

———

POLICE OFFICER
JOSEPH M. LAPOSTA,

*Appellant*

v.

BOROUGH OF ROSELAND;
RICHARD MCDONOUGH,
in his professional and personal
capacity, jointly and severally

———

On Appeal from the United States District Court
for the District of New Jersey
(Case No. 06-cv-5827)
District Judge: The Honorable Dennis M. Cavanaugh

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
January 6, 2009

Before: FUENTES and FISHER, *Circuit Judges*, and PADOVA,
*Senior District Judge[*]*

(Filed: February 3, 2009)

_____

_____

[*]Hon. John R. Padova, Senior District Judge for the Eastern District of Pennsylvania,
sitting by designation.

OPINION OF THE COURT
_____

PADOVA, *Senior District Judge*:

Appellant Police Officer Joseph LaPosta brought this action against Appellees Borough of Roseland and Police Chief Richard McDonough, alleging that Appellees retaliated against him after he attempted to join a police organization of which McDonough did not approve. The claims at issue are brought pursuant to 42 U.S.C. § 1983 and state tort law. LaPosta now appeals a District Court order granting Appellees' motions to dismiss. We have jurisdiction pursuant to 28 U.S.C. § 1291. For the following reasons, we affirm in part, reverse in part, and remand for the District Court's consideration of LaPosta's § 1983 retaliation claim as a claim of retaliation based on freedom of association.

I.

We write exclusively for the parties, who are familiar with the factual context and legal history of this case. Therefore, we will set forth only those facts necessary to our analysis. The allegations in the Complaint, which was filed on December 5, 2006, are as follows. LaPosta was employed as a police officer with the Borough beginning on December 4, 2001. JA-1, ¶ 1. Prior to that, beginning in the year 2000, he was a civilian police dispatcher. Id. Defendant McDonough was at all relevant times the Chief of Police in the Borough. JA-2, ¶ 3. After LaPosta completed his police academy training, McDonough and other officers under McDonough's direction forced LaPosta to join the

2

Fraternal Order of Police Union (the "FOP"). JA-2 to JA-3, ¶ 6. When LaPosta expressed interest in joining an alternative union, i.e., the Policeman's Benevolent Association (the "PBA"), McDonough advised LaPosta that neither he nor any other officers were to have any influence from the PBA. JA-3, ¶ 6. Nevertheless, on or about April 4, 2004, LaPosta joined the PBA. Id. ¶ 7. According to the Complaint, McDonough thereafter retaliated against LaPosta, causing "loss of monetary compensation, loss of promotion potentials, lack of due process and limited associations both inside and outside of the Police Department." Id. The Complaint specifically alleges that, as retaliation, McDonough subjected LaPosta to smoke from cigarettes, cigars, and scented candles, charged him with insubordination, denied him an earned stipend, belittled him in front of other officers, filed frivolous I.A.D. claims against him, and denied him the opportunity to attend career-advancing classes and seminars. See JA-3 to JA-5, ¶¶ 8-17.

The Complaint asserts six claims: (1) violation of 42 U.S.C. § 1983, (2) intentional infliction of emotional distress against only McDonough, (3) hostile work environment, (4) negligence, (5) intentional interference with prospective economic advantage against McDonough alone, and (6) conspiracy. JA-6 to JA-12, ¶¶ 18-39. Both the Borough and McDonough filed motions to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6). The District Court entered an opinion and order granting the motions.

In its opinion, the District Court first addressed LaPosta's § 1983 retaliation claim,

3

concluding that, insofar as that claim was grounded in conduct that pre-dated December 6, 2004, it was barred by New Jersey's two-year statute of limitations for personal injury claims. In all other respects, the District Court found the § 1983 claim in the Complaint to fail to state a claim upon which relief may be granted because LaPosta (1) had failed to plead that he had exhausted the grievance procedures in the applicable labor contract, and (2) had failed to plead any underlying violation of the First Amendment right to free speech, because he had failed to plead that he had spoken on a matter of public concern. The Court also dismissed LaPosta's state law tort claims, explaining that (1) LaPosta had failed to plead that he had served Appellees with notice of his tort claims as required by the New Jersey Tort Claims Act, (2) the negligence claim was barred by the Workers' Compensation Act, and (3) LaPosta had failed to allege in his conspiracy claim that Appellees had been acting outside the scope of their employment when conspiring.

II.

LaPosta asks us to find that the District Court erred in dismissing the Complaint. This Court's standard of review of a district court's decision granting a motion to dismiss is plenary. See Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005). In determining whether a district court properly dismissed a complaint under Rule 12(b)(6), we are required to "'accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief.'" Phillips v. County of Allegheny, 515

4

F.3d 224, 233 (3d Cir. 2008) (quoting <u>Pinker v. Roche Holdings Ltd.</u>, 292 F.3d 361, 374 n.7 (3d Cir. 2002)).  This standard requires that a plaintiff allege in his complaint "'enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element[s]" of a cause of action.  <u>Id.</u> at 234 (quoting <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007)).

III.

Appellant first argues that the District Court erred in dismissing his § 1983 retaliation claim because (1) the claim is predicated on retaliation for his exercise of his freedom of association, not for his exercise of his freedom of speech, and (2) the two year statute of limitations does not bar any portion of the claim.[1]  Although LaPosta's statute of limitations argument is meritless, we find that the District Court erred in failing to analyze LaPosta's retaliation claim as one based on his exercise of his freedom of association.

A.

---

[1]LaPosta also argues that the District Court erred in justifying dismissal of his § 1983 claim based on his failure to exhaust administrative remedies.  Exhaustion is not a prerequisite to the assertion of a § 1983 retaliation claim, and Appellees do not argue otherwise.  <u>See</u> <u>Patsy v. Bd. of Regents of Florida</u>, 457 U.S. 496, 516 (1982) ("[W]e conclude that exhaustion of state administrative remedies should not be required as a prerequisite to bringing an action pursuant to § 1983."); <u>Felder v. Casey</u>, 487 U.S. 131, 148 (1988) (stating that civil rights actions "'are judicially enforceable *in the first instance*'" (quoting <u>Burnett v. Grattan</u>, 468 U.S. 42, 50 (1984))); <u>Hohe v. Casey</u>, 956 F.2d 399, 408-09 (3d Cir. 1992) (stating that state statute may not require individuals to exhaust nonjudicial remedies before bringing § 1983 action).  Accordingly, we cannot affirm the dismissal of LaPosta's retaliation claim on the basis of a failure to exhaust.

5

In dismissing portions of LaPosta's § 1983 claim on statute of limitations grounds, the District Court explained that the New Jersey statute of limitations for personal injury claims provides for a two-year statute of limitations. See Cito v. Bridgewater Twp. Police Dep't, 892 F.2d 23, 25 (3d Cir. 1989); N.J.S.A. 2A:14-2. As several of the allegedly retaliatory actions occurred more than two years before LaPosta filed his December 5, 2006 Complaint, the District Court concluded that they could not give rise to a cognizable § 1983 retaliation claim.

In his appeal, LaPosta does not take issue with the existence of the two-year statute of limitations or, apparently, with the conclusion that retaliatory actions that occurred more than two years before the filing of this action are not actionable. He nevertheless argues that the District Court erred in dismissing his claims based on pre-December 6, 2004 conduct, because evidence of such conduct could be "considered to 'more intelligently evaluate the evidence that does create liability.'" Appellant's Br. at 13 (quoting Toscano v. Borough of Lavallette, Civ. A. No. 04-4412, 2006 WL 1867197, at *4 (D.N.J. June 30, 2006) (quoting Hurley v. Atl. City Police Dep't, 174 F.3d 95, 109 (3d Cir. 1999))).

However, the District Court did not hold that evidence regarding any pre-December 6, 2004 retaliation would be inadmissible if an otherwise timely § 1983 claim were permitted to proceed. Rather, it merely held, consistent with the authority on which LaPosta relies, that pre-December 6, 2004 retaliation was not actionable in its own right

6

because it was barred by the statute of limitations. Accordingly, we affirm the District Court's order insofar as it dismissed LaPosta's § 1983 claim with regard to pre-December 6, 2004 retaliation.

B.

The District Court dismissed the § 1983 claim insofar as it was grounded on post-December 6, 2004 retaliation based on its conclusion that LaPosta had failed to allege an underlying violation of his First Amendment right to free speech. As the District Court explained, in order to state a claim for a violation of the First Amendment right to free speech, a plaintiff must allege that he spoke on a matter of public concern, that is, that he spoke on a "'matter of political, social, or other concern to the community.'" JA-30 (quoting Nittoli v. Morris County Bd. of Chosen Freeholders, Civ. A. No. 05-4007, 2007 WL 1521490, at *4 (D.N.J. May 22, 2007)). Reviewing the allegations in the Complaint, the District Court concluded that LaPosta had identified no speech regarding a matter of public concern but, rather, only alleged speech aimed at advancing a personal interest. Specifically, it noted that the only speech identified in the Complaint was LaPosta's expression of interest in joining the PBA, and his request that McDonough discontinue the use of scented candles, neither of which involved claims of systemic problems within the Police Department but, rather, concerned LaPosta's own personal interests.

LaPosta argues that dismissing his § 1983 retaliation claim on this basis was in error, because his retaliation claim is predicated on freedom of association, not freedom

7

of speech, and freedom of association retaliation claims have no public concern requirement. Appellant's Br. at 12 (citing Toscano, 2006 WL 1867197, at *4 n.4). The fact that LaPosta's retaliation claim was based, at least in part, on his freedom of association, is clear from paragraphs 6 and 7 of the Complaint, which state:

> 6. When Officer LaPosta completed his training at the Essex County Police Academy, Defendant McDonough and other officers under the direction of Defendant McDonough, in word and in deed, forced Officer LaPosta to join the Fraternal Order of Police Union (hereinafter "F.O.P."). When Officer LaPosta expressed interest in joining an alternative union, namely, the Policeman's Benevolent Association (hereinafter "the P.B.A."), Defendant McDonough advised Officer LaPosta, in substance and in part, that "neither [LaPosta] nor any officers are to have any . . . influence from P.B.A. Local 81."

> 7. On or about April 4, 2004, Officer LaPosta joined the P.B.A., Defendant McDonough retaliated against Officer LaPosta. These retaliations had a direct negative impact upon Officer LaPosta's working conditions. Such retaliations included, but were not limited to: loss of monetary compensation, loss of promotion potentials, lack of due process and limited associations both inside and outside of the Police Department. These will be discussed in paragraphs, 8 through 17, inclusive, infra.

JA-2 to JA-3, ¶¶ 6-7. Furthermore, the § 1983 count of the Complaint states that Appellees violated § 1983 by, among other things, "allowing/causing/creating constant and blatant violations of Officer LaPosta's freedom of association rights afforded to him by the state and federal constitutions." JA-6, ¶ 19(c). LaPosta reiterated that he was alleging retaliation in violation of his freedom of association in his response to Appellees'

8

Motions to Dismiss. See Appellant's Br. in Resp. to Mot. to Dismiss, at 1 ("[The] Complaint sets forth in exhaustive detail the episodes of retaliation suffered by Officer LaPosta in connection with . . . his attempt to join an organization not sanctioned by the Chief."); id. at 7 (asserting that the retaliation Appellant suffered "was perceived by the members of the Roseland Police Department as punishment for joining the P.B.A."). Accordingly, we find that the District Court erred in failing to address LaPosta's claim as one grounded, at least in part, on free association.[2]

Appellees appear to argue that any such error does not entitle LaPosta to relief, because the law in this Circuit is not clear as to whether the public concern requirement applies equally to free association claims.[3] However, it is precisely because this is an

---

[2]Even if the District Court could not perceive a free association-based claim in the body of the Complaint, it should have considered whether to give LaPosta leave to amend after LaPosta clarified in his brief that his claim was based on a violation of his freedom to associate. See Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 251 (3d Cir. 2007) (stating that in civil rights cases under section 1983, "district courts must offer amendment - irrespective of whether it is requested - when dismissing a case for failure to state a claim unless doing so would be inequitable or futile"); Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004) ("[I]f a complaint is vulnerable to 12(b)(6) dismissal, a District Court must permit a curative amendment, unless an amendment would be inequitable or futile." (citation omitted)).

[3]In Sanguigni v. Pittsburgh Bd. of Pub. Educ., 968 F.2d 393 (3d Cir. 1992), we considered the application of the public concern requirement to a freedom of association claim, but, after noting a split in the Circuits on the issue, declined to decide whether the requirement applies generally to such claims. Id. at 400. Instead, we held only that the requirement applied under the specific facts of that case, which involved an associational claim that was "based on speech" and did not implicate associational rights "to any significantly greater degree" than the speech at issue in the seminal Supreme Court free speech case that gave rise to the public concern requirement. Id. (citing Connick v. Myers, 461 U.S. 138 (1983)).

9

open question in this Circuit that the District Court should have independently analyzed the retaliation claim as one based on freedom of association. We therefore remand to permit it to do so in the first instance, with the assistance of full briefing from the parties.

III.

LaPosta also argues that the District Court erred in dismissing his tort claims based on his alleged failure to serve Appellees with a notice of claim as required by the New Jersey Tort Claims Act, N.J.S.A. 59:1-1, *et seq.*[4] The District Court explained that the Tort Claims Act provides that no lawsuit may be brought against a public entity or public employer unless the plaintiff (1) first serves the public entity or public employer with a notice setting forth the content of the presented claim, and (2) does not file a lawsuit until at least six months after the date of the notice. JA-33 (citing N.J.S.A. 59:8-8). In this case, the District Court stated, LaPosta filed his complaint on December 5, 2006, without ever having served Appellees with a tort claim notice "regarding any of the alleged tortuous [sic] conduct" at issue. JA-34. Because McDonough is an employee of the Borough, a public entity, the District Court therefore concluded that LaPosta could not "proceed with his state law claims against McDonough." Id.

On appeal, LaPosta argues that the District Court ignored the fact that subsequent to the filing of the two motions to dismiss, but before the Court's ruling, counsel for the

---

[4]This argument does not pertain to LaPosta's hostile work environment claim, which he is not pursuing on appeal. See Appellant's Br. at 3 n.1.

Borough sent a letter to the Court, notifying the Court that the Borough had, in fact, been served with a tort claim notice, and attaching a copy of the notice to the letter. LaPosta complains that the District Court's opinion did not acknowledge the Borough's receipt of that notice, and he argues that the Court's dismissal based on his alleged failure to serve the Borough with the notice should be reversed for that reason.

LaPosta's arguments fail for two reasons. First, while the District Court did not explicitly acknowledge receipt of the tort claim notice from counsel for the Borough, it likewise never stated that LaPosta had served no claim notice. Rather, it stated that LaPosta had "never served . . . a Notice of Tort Claim regarding any of the alleged tortuous [sic] conduct for which Plaintiff complains." JA-34 (emphasis added). In fact, the tort claim notice that the Borough's counsel furnished to the District Court mentions only hostile work environment and retaliation claims, without mentioning a claim for negligence or conspiracy. Accordingly, it appears that the District Court held only that LaPosta never served the Borough with a notice of the tort claims that he continues to pursue in this action.

Moreover, even assuming *arguendo* that the District Court erred in dismissing LaPosta's tort claims against the Borough based on his failure to serve a tort claim notice, no reversal of the dismissal of those claims would be warranted, as the District Court gave alternative reasons for dismissing the claims, and LaPosta has not challenged those alternative bases for dismissal. Specifically, the District Court held that the negligence

11

claim was barred by the Workers' Compensation Act and that the conspiracy claim failed because a governmental entity cannot conspire with its employees or agents who are acting within the scope of their employment. As LaPosta has not challenged these alternative bases for dismissal, he has not presented us with any basis on which we could ultimately reverse the District Court's dismissal of his tort claims.

IV.

We have considered all other arguments made by the parties on appeal, and conclude that no further discussion is necessary. For the foregoing reasons, we affirm in part, reverse in part and remand the case to permit the District Court to address LaPosta's non-time-barred retaliation claim insofar as it is based on free association.

12